■ In the Matter of ERIC C. WEHR et al., Doing Business as MICRO INSTRUMENT & TOOL CO., Appellants, against HARRY B. CROWLEY, et al., Constituting the Board of Zoning Appeals of the City of Rochester, et al., Respondents, and. FLOWER CITY BUILDERS SUPPLY CORP. et al., Intervenors-Respondents.— Order reversed, without costs of this appeal to any party, determination annulled, and matter remitted to the Board of Zoning Appeals for further hearing in accordance with the memorandum. Memorandum: Upon a prior appeal to this court, the order of the Special Term was reversed, the determination annulled and the matter remitted to the Board of Zoning Appeals for further proceedings in accordance with the opinion (6 A D 2d 214). The majority opinion pointed out that, " The hearing was a very unsatisfactory one. It consisted merely of general assertions by the representatives of each side to the controversy. There was no description of the process of manufacturing cement or cinder blocks, from which any conclusion could be drawn as to whether the assertions of one side or the other were correct" (p. 217). The opinion also pointed out that the board's determination appeared to have rested largely upon facts known to the board members but not disclosed in the return. The board proceeded to make its second determination presently under review without any further hearing or notice to the petitioner. It is based upon the hearing already characterized by this court as unsatisfactory and· upon such knowledge as it gained upon its inspection of the presently existing plant of the intervenor, as set forth in the return. Summarily stated, the facts disclosed to have been learned upon inspection of the present plant are that the materials used in the existing manufacturing plant are stored inside the building and that the handling of the materials used in the process of

manufacture is confined to operations within the building and it was observed upon such inspection that no vibration or emission of dust obtains in the existing plant. The application for the building permit does not disclose whether or not loading and unloading and storing of materials and the manufacturing process in the proposed new plant will be entirely enclosed within the new building, nor does the permit directed to be issued by the board include any such restriction. We find nothing in the record to support an inference that the proposed operation in the new plant will duplicate the operation in the plant inspected by the members of the board. In view of the petitioner's contention that any dust or vibration adjoining its plant would destroy or render useless some $350,000 worth of delicate instruments used in its business, the question as to whether the proposed operation is to be the same as that of the plant inspected by the board is of more than ordinary importance. Without any evidence upon that question and without any disclosed knowledge on the part of the members of the board as to that question, it cannot be said that the board's determination is based upon substantial evidence. A new hearing should therefore be held. Upon the new hearing, the petitioners will have an opportunity to meet the new matter in the return which they have not heretofore been given an opportunity to meet. (Cf. *Matter of Joynt* v. *King,* 6 A D 2d 234, 240.) The order of the Special Term should be reversed, the determination annulled and the matter remitted to the Zoning Board of Appeals for a rehearing upon notice to all parties to the proceeding with leave to introduce further evidence if so advised. All concur, except Kimball and Goldman, JJ., who dissent and vote for affirmance in the following memorandum: We dissented when this matter was previously before the court (6 A D 2d 214). At that time, the minority was of the opinion that the only vital question presented was whether there was substantial evidence to sustain the determination of the Board of Zoning Appeals. We were convinced that there was such evidence. The majority of the court, however, were of the opinion that there had been a failure to comply with the principles of fair procedure. This was the stated ground upon which the matter was remitted to the board for further proceedings to be taken in accordance with the majority opinion. The opinion recited: "Without going into the merits of the board's decision upon either of the two grounds given in its answer, we are of the opinion that the decision cannot be allowed to stand because of the failure of the board to comply with fundamental principles of fair procedure" (p. 218). The majority held that fair procedure was not employed because the members of the Board of Zoning Appeals in arriving at their decision had relied, in part at least, upon personal knowledge of facts without disclosing what such facts were. It was said: "if they do so, they must explicitly state in their return the substance of the facts outside of the record upon which they rely" (p. 218). As we understand it, it was for the purpose of obtaining a statement of such facts that the matter was remitted to the Board of Zoning Appeals. If such be the case, then the present record discloses that the board has complied with our previous decision. There was nothing more which this court required the board to do. Upon the evidence presented to the board in the first instance, which it is not now necessary to restate and which has now been supplemented by the statement of the facts within the personal knowledge of the board, there is substantial evidence to sustain the determination. It should be noted that upon the presentation of this matter to the Special Term the appellants neither requested opportunity to produce, nor produced any additional facts for the consideration of the Special Term, which was their right if they felt that there

were such additional facts which could have supported their position. It is significant that the appellants on this appeal, as on the former one, do not contend that the process of manufacturing the blocks would cause dust or vibration. Their real complaint was voiced at the original hearing before the Board of Zoning Appeals that dust and vibration would be caused by trucks passing upon the highway in proximity to their plant. (Appeal from an order of Monroe Special Term dismissing petitioners' petition and affirming the determination of the Zoning Board of Appeals, granting a permit to intervenors to demolish a frame building and erect masonry building for the manufacture of cement blocks and accessories.) Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.